United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                Plaintiff,

vs.

Eighty-Two Thousand, Three Hundred Dollars ($82,300) in U.S. Currency,

                Defendant *in Rem*.

Demond Gibson,

                Claimant.

Civil No. 2:18-cv-11848
Honorable Terrence G. Berg

Asset ID No.: 18-DEA-638246

## Stipulation and Agreement for Entry of Consent Judgment and Final Order of Forfeiture as to Claimant Demond Gibson

Plaintiff, the United States of America (hereinafter the "United States"), by and through its counsel, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Shankar Ramamurthy, Assistant United States Attorney, and Demond Gibson, by and through his attorney, Christopher W. Quinn II, Esq., (collectively, "the Parties") enter into this Stipulation and Agreement for Entry of Consent Judgment and Final Order of Forfeiture as to Defendant *in rem* Eighty-Two Thousand, Three Hundred Dollars ($82,300) in U.S. Currency, Defendant *in rem*, under the terms and conditions hereinafter set forth:

1. Officers with the Drug Enforcement Administration ("DEA") seized the Defendant *in rem* on or about January 29, 2018 at the Detroit Metropolitan Airport in Romulus, Wayne County, Michigan.

2. Demond Gibson, ("Claimant") filed an administrative claim and Petition for Remission or Mitigation with the DEA, and thereafter, DEA referred the matter to the United States Attorney's Office for judicial forfeiture.

3. On June 11, 2018, the United States of America filed a verified Complaint for Forfeiture against the Defendant *in rem*, pursuant to 21 U.S.C § 881(a)(6). (ECF No. 1).

4. On July 10, 2018, Claimant Demond Gibson, through counsel, filed a an Answer and Affirmative Defenses to Plaintiff's Complaint for Forfeiture. (ECF No. 5).

5. On July 11, 2018, Claimant Demond Gibson, through counsel, filed a Motion and Brief to Dismiss Plaintiff's Complaint for Forfeiture *in rem*. (ECF No. 6). The United States filed a Response to the Motion to Dismiss on July 11, 2018. (ECF No. 7).

6. On July 30, 2018, Claimant Demond Gibson, through counsel, filed a Verified Claim. (ECF No. 9).

7. The United States filed its Declaration of Publication of the civil judicial forfeiture action on or about August 14, 2018. (ECF No. 10).

8. The United States filed a Motion to Strike the Claim on August 30, 2018 (ECF No. 14), to which Claimant filed a Response to on September 7, 2018. (ECF No. 16). The United States filed its Reply in Support of United States' Motion to Strike Claim and Dismiss Interest on September 12, 2018. (ECF No. 17). The Court entered an Order Denying Government's Motion to Dismiss Claim for Lack of Standing and Denying Claimant's Motion to Dismiss Complaint on March 11, 2019. (ECF No. 18).

9. No other verified claims of interest to the Defendant *in rem* have been filed in this judicial action, and the time for filing such pleadings has expired. Plaintiff, the United States of America, and Claimant Demond Gibson, by and through his attorney, Christopher W. Quinn II, ("the parties") wish to resolve this matter without further litigation and expense.

**NOW THEREFORE, IT IS STIPULATED** by and between the parties as follows:

1) This action is a civil *in rem* forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2) The Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1355(b)(1)(A), 1391(b)(2), and 1395(b).

3) The allegations of the Complaint for Forfeiture are well taken; the United States and its agents had reasonable cause to seize Defendant *in rem* as

provided in 28 U.S.C. § 2465.  The Government's position in this action is substantially justified as provided in 28 U.S.C. § 2412(d)(1)(B), and Claimant shall not claim or seek attorneys' fees and costs in connection with this action and knowingly and voluntarily waives any and all claims he may have for attorneys' fees and costs, whether under the Civil Asset Forfeiture Reform Act, the Equal Access to Justice Act, or any other act, statute, rule or regulation.

      4)     Acceptance of this stipulation by Claimant does not constitute an admission of liability or an acknowledgement of any wrongdoing whatsoever on the part of the Claimant.

      5)     The parties stipulate and agree that the following shall be **RETURNED** to Claimant: Fifteen Thousand Dollars ($15,000) in U.S. Currency of Defendant *in rem*, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is authorized to collect from the Claimant, including but not limited to, any debts that the United States may collect through the Treasury Offset Program (the "Returnable Amount"). Following execution of this Agreement, and after Claimant has supplied the United States with Claimant's social security number and the Automated Clearing House ("ACH") information for electronic deposit of the Returnable Amount, the United States Marshals Service, or its delegate, shall disburse the Returnable Amount to Claimant through the Electronic Payment System ("EPS") by electronic deposit

4

into Claimant attorney's IOLTA account.

6) The parties stipulate and agree that the remaining sum, Sixty-seven Thousand and Three Hundred Dollars ($67,300) in U.S. Currency of the Defendant *in rem*, plus all interest accrued on the total amount of Defendant *in rem* **SHALL BE FORFEITED** to the United States of America pursuant to 21 U.S.C § 881(a)(6). Further, any right, title or ownership interest of Claimant and any of his agents, successors and assigns, and any right, title or ownership interest of any and all other persons in Defendant *in rem* is hereby and forever **EXTINGUISHED**, and clear title to said currency shall hereby be **VESTED** in the United States, and the U.S. Marshals Service is **AUTHORIZED** to dispose of it according to law.

7) Claimant Demond Gibson hereby withdraws the administrative claim he filed with the DEA, and any and all petitions, including petitions for remission, mitigation, or hardship release, if any, relative to the Defendant *in rem*. Claimant agrees not to contest the forfeiture of $67,300 of Defendant *in rem*.

8) Claimant hereby knowingly and voluntarily waives any and all right to reimbursement by the United States of reasonable attorney fees and litigation costs in connection with this civil forfeiture action any statute that might conceivably apply.

9) Claimant agrees to unconditionally release, remise and forever discharge the United States of America, and any of its agencies involved in this

matter, including the Drug Enforcement Administration, the United States Marshals Service, the United States Attorney's Office, and their agents, officers and employees, past and present, and all other persons, who participated in or assisted in any aspect of this action and underlying investigation, from any and all actions, claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands in law or equity which Claimant now has or may have against the United States and its agencies, agents, officers, employees, past and present, and other persons involved in the seizure of forfeiture of Defendant *in rem*, for, or on account of, the incidents or circumstances giving rise to any aspect of the seizure, investigation, or forfeiture proceedings.

10) Each of the parties to this Stipulated Consent Judgment has discussed this settlement with their counsel, and fully understands its terms and conditions and the consequences of entering into it.

11) The Parties stipulate and agree that each side shall bear their own costs and attorneys' fees in this matter.

12) This Stipulation and Agreement encompasses the full agreement of the Parties regarding the *Defendant in rem*.

13) Upon entry of this Stipulation and Agreement for Consent Judgment and Final Order of Forfeiture, this case shall be **DISMISSED WITH PREJUDICE**.

The Parties stipulate and agree to entry of this Stipulation and Agreement for Consent Judgment and Final Order of Forfeiture.

Respectfully submitted,

Matthew Schneider
United States Attorney

 s/ Shankar Ramamurthy
Shankar Ramamurthy
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9562
Shankar.ramamurthy@usdoj.gov
IL Bar No. 6306790

Dated: April 9, 2019

 s/ Christopher W. Quinn II-see attached
Christopher W. Quinn II
Attorney for Claimant
BNA Corporate Center
400 Monroe, Suite 290
Detroit, MI 48226
(313) 967-7847
Chris@winwithattorneyquinn.com
P69483

Dated: April 9, 2019


 s/ Demond Gibson-see attached
Demond Gibson
Claimant

Dated: April 9, 2019

***************

**IT IS SO ORDERED.**

/s/Terrence G. Berg
Honorable Hon. Terrence Berg
United States District Judge

Dated: April 12, 2019

Matthew Schneider
United States Attorney

s/ *[signature]*
Shankar Ramamurthy
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9562
Shankar.ramamurthy@usdoj.gov
IL Bar No. 6306790

Dated:

s/ *[signature]*
Christopher W. Quinn II
Attorney for Claimant
BNA Corporate Center
400 Monroe, Suite 290
Detroit, MI 48226
(313) 967-7847
Chris@winwithattorneyquinn.com
P69483

Dated: 4-9-19

s/ *Demond Gibson*
Demond Gibson
Claimant

Dated: 04/09/2019

9